### NATIONAL TOOTH CROWN CO. v. MACDONALD.

(Circuit Court, N. D. California. July 14, 1902.)

No. 13,046.

**1. PATENTS—INVENTION—SUBSTITUTION OF MATERIALS.**
Substitution of materials used as means for making an article is not invention, unless such substitution involves a new mode of construction, or develops new uses and properties of the article made, or unless the substituted material is more efficient in action.

**2. SAME—MOLD FOR MAKING TOOTH CROWNS.**
The White patent, No. 571,102, for a mold for shaping metallic tooth crowns, was anticipated by the Parker patent, No. 537,481, for a swage for dental plates and analogous articles; the operation of the two devices being practically the same, and the only substantial difference being in the material used for swaging purposes.

In Equity. Suit for infringement of letters patent No. 571,102, for a mold for shaping metallic tooth crowns, issued November 10, 1896, to Louis Lynn White. On final hearing.

James L. Hopkins, John J. Scrivner, and Jeff. P. Chandler, for complainant.

James H. Boyer, for defendant.

MORROW, Circuit Judge. This is a suit in equity for the infringement of letters patent. The complainant, a California corporation, alleges that by divers mesne assignments in writing it has acquired the entire right, title, and interest in and to letters patent of the United States numbered 571,102, issued on the 10th day of November, 1896, to Louis Lynn White for an improvement in molds for shaping metallic tooth crowns; that it is making the molds under the said patent, and each mold so made by it bears thereon the word "patented," together with the date and number of the said letters patent. It is alleged that the defendant is violating the rights of the complainant by the making and using of molds containing and embracing the invention of the said White. An injunction is prayed for, and an accounting by the defendant; that the proper amount of damages may be decreed, etc. The defendant makes a general denial to the charges of the bill, and, as matter of defense,

sets up letters patent of the United States numbered 537,481, granted to J. C. Parker on April 16, 1895, for an improved swage for dental plates and other analogous articles of manufacture, as anticipating the patent under which complainant sues. The complainant's invention is designed for the manufacture of metallic tooth crowns that shall be formed of a single piece of metal, without soldered seams, and completely conforming to the contour of the natural tooth. A cast is first taken of the tooth to which the crown is to be applied, and from it a metallic die is made. A disk of gold is then shaped into a cap or cup, by means common in the art, fitted to the metallic die, and manipulated by mild hammering to reduce and round the edges of its grinding surface. At this point the mold contained in the complainant's device enters into use. He provides a casing containing a soft metal core or mold, with a hole for the reception of the metallic die and its gold covering. By appropriate pressure, the die is forced into the soft metal, and the soft metal itself, acting in accordance with the laws governing fluids under pressure, forces or swages the sides of the thin gold or other metallic cap into conformity with the inner metallic die. In the alleged anticipatory device, a mold is made from the initial impression of the plaster cast, a thin plate of aluminum, gold, or other ductile material is roughly formed around said mold, and the mold then placed within a cup-shaped casing. A quantity of granular, shot-like material is then placed around the mold, filling the space between the mold and the casing. Vertical pressure is brought to bear upon the shot-like material. By reason of the curved surface of the casing, and the conversion of the shot into a solidified mass under pressure, the pressure upon the mold is practically equal in all directions, and the thin metal plate is thus made to conform to the contour of the mold. The same law of operation is undoubtedly involved in these devices. In the Parker patent it is stated that the object is to obtain a pressure that will be practically equal, without the use of water or other liquid. For this purpose, shot-like material is used as an adjustable medium. In the complainant's device a soft, solid material is used in the place of the shot. In each case a solid core is formed around the mold and its covering. The idea of each device is to produce a perfectly formed or contoured covering upon a certain shaped die,—in the Parker patent a dental plate, and in the complainant's patent a tooth crown,—without seaming or soldering. In each case a receptacle approximating to the form of the die is used, and the intervening space filled with a material that, under vertical pressure, gives lateral pressure upon the die, thus swaging the metallic covering to the perfect contour of the die. It is urged that the complainant's device differs from that of Parker in that the character of the article intended to be formed—namely, the tooth crown—is of a wholly different shape from the dental plate; that instead of a comparatively flat curved plate, which may be formed by means of force acting in a vertical direction, the object is to compress laterally a cup or sack-like shell around a die. Also, that the variation in form of the interior of the casing of the complainant's device, and the providing of an aperture in the casing for the escape of superfluous metal, con-

stitute such an improvement in the art as to involve invention.  In the opinion of the court these variations from the earlier patent are merely such a carrying forward of the original idea as would naturally present itself to the mind of any skilled metal worker.  "Something more is required to support a patent than a slight advance over what has preceded it, or mere superiority in workmanship or finish."  International Tooth Crown Co. v. Gaylord, 140 U. S. 55, 62, 11 Sup. Ct. 716, 35 L. Ed. 347, and cases there cited.  Substitution of materials in the production of an article is not invention, unless such substitution involves a new mode of construction, or develops new uses and properties of the article made; or, where the superiority of the substituted article is shown to consist not only in greater cheapness and greater durability, but also in more efficient action. Walk. Pat. (2d Ed.) §§ 28, 29.  Such a showing has not been made in this case.

Let a decree be entered for the defendant.